## BABIKA v CLEVELAND (city)

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided Sept 21, 1931

Milton Firestone and Henry Galen, Cleveland, for Babika.

H. H. Burton, N. A. Ryan and E. H. Boers, Cleveland, for Cleveland (city).

VICKERY, J.

Taking these reasons for reversal up in their order, we would say that the record shows that this woman and her family, and there is nothing in the record to show but what she was the head of it, were occupying a building that was used as a residence and a store in which she, or her daughter or family conducted a business; that there was communication by a door from the store into the living room apartment; that there was a glass panel in this door; that prior to the day on which the search was made and the defendant arrested, apparently complaints had been made and thereafter officers watched this place at different times; that at several times the policeman watching found that several men went into this place and came out later; that apparently some of them were intoxicated and that this state of affairs continued for several days or at least on two occasions when the police watched, before they issued a warrant.

Upon this evidence the officers believed they had probable cause that a trafficking in liquor was going on in this place, and swore out a search warrant and went there with the search warrant. The door between the store and the dwelling part of the house was hastily closed and apparently a scramble was made to get into the dwelling part of the house. The officers went to the door and finding it locked, broke the glass, unlocked the door and went in and found a bottle of what purported to be whiskey hidden in the bed in one of the bedrooms. When the contents of this bottle was analyzed it showed that it contained forty per cent. alcohol and that it was fit for beverage purposes.

After the officers found this bottle and a jug filled with water in the bathroom, the cork of which smelled of whiskey, they made a further search of the store and found a jug which was partly filled with liquor. Upon an analysis this liquor was found to contain seven per cent. alcohol. They also found glasses and other paraphernalia that go with the vending of liquor.

An affidavit was sworn out and plaintiff in error arrested on a charge of unlawful possession of intoxicating liquor and was tried and found guilty and, as already stated, it is to reverse that finding that error is prosecuted here.

We think there was ample evidence, as shown by the investigation, which would warrant the officers in thinking that there was probably a trafficking in liquor going on in the building, and that the search warrant was properly issue, and so the first ground of error must necessarily fail. Officers cannot always be certain of what they will find. They are held only to exercise enough care so they will not trespass upon the rights of bona fide occupiers of bona fide homes. They only have to have probable cause to believe that the place is being used for the vending of alcoholic drinks in violation of the ordinance of the city of Cleveland, in order to justify the obtaining of a search warrant. We think there was ample evidence in this case to show that there was probable cause. Therefore the motion to arrest the evidence and discharge the prisoner was properly overruled.

Now, from what has been said already, it would necessarily follow that after the officers got into this room the conduct of the parties in hastily locking the door and the officers' finding a bottle of whiskey hidden in a bed and a jug partly filled with whiskey in the store together with paraphernalia and glasses which go with the vending of liquor, are ample evidence to show that undoubtedly there was a trajfficking in liquor going on in this place, and the finding of the court was not contrary to but in accordance with the evidence that was properly introduced in this case.

Therefore, the only thing that this court can do is to affirm the judgment of the trial court.

The judgment is, therefore affirmed.

LEVINE, PJ, and WEYGANDT, J, concur.